UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MIDVALE INDEMNITY COMPANY,

                              Plaintiff,

      -against-

AREVALOS CONSTRUCTION CORP.,
VICTOR SIGUENZA ZUNIGA, 625 HALSEY LLC,
D & G CONSTRUCTION NY INC. and RM
CONSTRUCTION AND DEVELOPMENT CORP.,

                            Defendants
-------------------------------------------------------------------X

Civil Docket No.:

**COMPLAINT**

**Jury Trial Demanded**

      Plaintiff MIDVALE INDEMNITY COMPANY ("MIDVALE"), by and through its attorneys, WADE CLARK MULCAHY LLP, alleges the following as its complaint for declaratory judgment against defendants AREVALOS CONSTRUCTION CORP. ("Arevalos"), VICTOR SIGUENZA ZUNIGA ("Zuniga"), 625 HALSEY LLC ("Halsey"), D & G CONSTRUCTION NY INC. ("D&G") and RM CONSTRUCTION AND DEVELOPMENT CORP. ("RM").

## NATURE OF ACTION

      1.     Plaintiff Midvale brings this action seeking a declaration that it has no duty to defend or indemnify any party in the lawsuit styled *Victor Siguenza Zuniga v. 625 Halsey LLC*, Supreme Court of New York, Kings County, Index No. 525911/2018 (the "Underlying Action").

      2.     In brief, Midvale's position is that its policy of insurance does not provide coverage to any party in the Underlying Action, which arises out of a construction accident at a multi-unit residential housing building construction site, because the Policy specifically excludes multi-unit residential housing building construction sites from coverage and otherwise does not provide coverage for the Underlying Action.

## THE PARTIES

3. Plaintiff Midvale is a corporation with a principal place of business in Wisconsin and a principal business address of 6000 American Parkway, Madison, Wisconsin 53783.

4. Midvale is an insurance duly authorized to issue insurance policies in the State of New York and which regularly issues such policies.

5. Upon information and belief, defendant Arevalos is a domestic business corporation authorized to conduct business in the State of New York, with a business address of 38 Drew Street, Valley Stream, New York 11581.

6. Upon information and belief, defendant Zuniga is an adult individual and resident of the State of New York with a home address of 1879 Gates Avenue, Apartment 2, Ridgewood, New York 11385 who is joined to this action solely as a party that may have an interest in its outcome.

7. Upon information and belief, defendant D&G is a domestic business corporation authorized to conduct business in the State of New York, with a business address of 213 St. Nicholas Avenue, Suite 2L, Brooklyn, New York 11237.

8. Upon information and belief, defendant Halsey is a domestic limited liability company organized under and existing by virtue of the laws of the State of New York, with a business address of 521 Dekalb Avenue, Brooklyn, New York 11205.

9. Upon information and belief, defendant RM is a domestic business corporation authorized to conduct business in the State of New York, with a business address of 975 Clark Place, Woodmere, New York 11598, that is joined to this action solely as a party that may have an interest in its outcome.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of Wisconsin and defendants are citizens of New York, thereby satisfying complete diversity of citizenship. Moreover, the amount in controversy exceeds $75,000 exclusive of interest and costs.

11. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants reside in New York, and defendants Arevalos, D&G, Zuniga, Halsey, and RM all reside in this district.

12. Venue is also proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of property that is the subject of the action is situated in this district.

13. This Court has personal jurisdiction over defendant Arevalos because, at all relevant times, Arevalos was domiciled in New York and "at home" in this district.

14. This Court has personal jurisdiction over defendant D&G because, at all relevant times, D&G was domiciled in New York and "at home" in this district.

15. This Court has personal jurisdiction over defendant Zuniga because, at all relevant times, Zuniga was domiciled in New York and "at home" in this district.

16. This Court has personal jurisdiction over defendant Halsey because, at all relevant times, Halsey was domiciled in New York and "at home" in this district.

17. This Court has personal jurisdiction over defendant RM because, at all relevant times, RM was domiciled in New York and "at home" in this district.

## FACTUAL BACKGROUND

### *The Midvale Policy*

18. Midvale issued a Commercial General Liability Insurance Policy to Arevalos with effective dates from May 28, 2018 to May 28, 2019 under Policy Number GLP1022941 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A**.

19. The Policy identifies the named insured as "Arevalo Construction Corp." with an address of 38 Drew Street, Valley Stream, New York 11581. *See id.*

20. The Policy has a per occurrence limit of $1,000,000, a general aggregate limit of $2,000,000, and a medical payment limit of $5,000. *See id.*

### *The Incident*

21. The alleged facts of the Underlying Action are set forth in the amended verified complaint, filed by Zuniga against Halsey and D&G on December 17, 2019 (the "Amended Complaint"). A true and correct copy of the Amended Complaint is attached as **Exhibit B**.

22. The causes of action set forth in the Amended Complaint arose out of a Labor Law construction accident that took place at 625 Halsey Street, Brooklyn, New York 11223 (the "Premises). *See id.*, ¶ 6.

23. The Amended Complaint alleges that, on November 30, 2018, Zuniga, an employee of RM, was performing work on the Premises when he was injured by construction materials that fell from a height and struck him ("Incident"). *See id.*, ¶ 36-42.

24. The Amended Complaint sounds in the Labor Law and alleges that the defective conditions at the Premises, which resulted in Zuniga's injury, were caused by the negligence, carelessness, and recklessness of Halsey, D&G, and/or their agents, servants, contractors, and/or employees. *See id.*, ¶ 38-42.

*The Underlying Action*

*Procedural History*

25. On December 26, 2018, Zuniga commenced the Underlying Action with the filing of a Summons and Verified Complaint in the Supreme Court of the State of New York, Kings County, against Halsey (the "Original Complaint"). A true and correct copy of the Original Complaint is attached as **Exhibit C**.

26. On April 3, 2019, Halsey answered the Original Complaint. A true and correct copy of Halsey's answer to the Original Complaint is attached as **Exhibit D**.

27. On October 9, 2019, Halsey filed a third-party complaint to bring in D&G as a third-party defendant (the "First Third-Party Complaint"). A true and correct copy of the First Third-Party Complaint is attached as **Exhibit E**.

28. On December 13, 2019, D&G answered the First Third-Party Complaint. A true and correct copy of D&G's answer is attached as **Exhibit F**.

29. On December 17, 2019, Zuniga filed the Amended Complaint, which is the operative complaint in the Underlying Action. *See* **Exhibit B**.

30. On February 7, 2020, Halsey answered the Amended Complaint. A true and correct copy of Halsey's answer to the Amended Complaint is attached as **Exhibit G**.

31. Also on February 7, 2020, D&G answered the Amended Complaint. A true and correct copy of D&G's answer to the Amended Complaint is attached as **Exhibit H**.

32. On May 27, 2020, D&G filed a third-party complaint to bring in RM as a third-party defendant (the "Second Third-Party Complaint). A true and correct copy of the Second Third-Party Complaint is attached as **Exhibit I**.

33. To date, RM has not answered the Second Third-Party Complaint.

34. On October 6, 2021, D&G filed a third-party complaint to bring in Arevalos as a third-party defendant (the "Third Third-Party Complaint"). A true and correct copy of the Third Third-Party Complaint is attached as **Exhibit J**.

35. To date, Arevalos has not answered the Third Third-Party Complaint.

36. On December 13, 2021, Halsey filed a third-party complaint to bring in RM and Arevalos as third-party defendants (the "Fourth Third-Party Complaint"). A true and correct copy of the Fourth Third-Party Complaint is attached as **Exhibit N**.

37. To date, RM has not answered the Fourth Third-Party Complaint.

38. To date, Arevalos has not answered the Fourth Third-Party Complaint.

*The Subcontractor Agreement Between D&G and Arevalos*

39. On November 14, 2018, D&G and Arevalos entered into a Subcontractor Agreement for construction work at the Premises (the "Subcontractor Agreement"). A true and correct copy of the Subcontractor Agreement is attached as **Exhibit K**.

40. The Subcontractor Agreement states that Arevalos shall indemnify and hold harmless D&G for bodily injury, property damage, and economic damage arising out of or resulting from work covered by the Subcontractor Agreement. *See id*., ¶ 1.

41. The Subcontractor Agreement also provides that Arevalos is required to procure and maintain insurance to protect D&G, all entities D&G is required to indemnify, and the owner of the Premises from all claims arising out of Arevalos' work under the Subcontractor Agreement. *See id*., ¶ 2.

42. The Subcontractor Agreement further provides that Arevalos is required to include additional insured coverage for D&G and the owner of the Premises in its insurance coverage. *See id*., ¶ 2.1.

*First Cause of Action*

43. In the Amended Complaint, as and for a first cause of action, Zuniga alleges that the negligence, carelessness, recklessness, and/or violation of New York Labor Law on the part of Halsey, D&G, and/or their agents, servants, contractors, and/or employees caused Zuniga to be "seriously injured." *See* **Exhibit B** ¶¶ 39-44.

44. The Amended Complaint further alleges that Halsey, D&G, and/or their agents, servants, and/or employees were negligent, careless, and reckless in their ownership, operation, and maintenance of the Premises, and/or in their management, supervision, and control of the Premises and/or the work. *See id.* ¶¶ 42.

*Second Cause of Action*

45. In the Amended Complaint, as and for a second cause of action, Zuniga alleges that Halsey and D&G failed to furnish or erect scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices to give proper protection, in violation of New York Labor Law. *See id.* ¶ 49-50.

***Midvale's Response to the Underlying Action***

*Reservation of Rights to Arevalos*

46. On November 23, 2021, Midvale issued a reservation of rights letter to Arevalos indicating that it would provide a defense to Arevalos for the Underlying Action subject to a strict reservation of rights (the "ROR"). A true and correct copy of the ROR is attached as **Exhibit L**.

47. The ROR states that Midvale reserves its rights to exclude or disclaim all defense and indemnification coverage for the Underlying Action and withdraw from participation in the defense if the facts indicate that coverage is inapplicable or, in the alternative, a judge or jury determines coverage under the Policy does not apply. *See id.* at 1.

48. The ROR provides that Midvale reserves its rights to exclude or disclaim coverage based on the Policy's Who Is An Insured section, Employer's Liability Exclusion, Contractual Liability Exclusion, Additional Insured provision, and Multi-Unit and Tract Housing Residential Exclusion. *See id*.

49. With respect to the Policy's Who Is An Insured section, the ROR states that Midvale reserves its rights to disclaim coverage under the Policy for the Underlying Lawsuit on the grounds that the entity named in the Third Third-Party Complaint is "Arevalos Construction Corp." and the Policy's Named Insured in "Arevalo Construction Corp." *See id.* at 4-5.

50. With respect to the Policy's Employer's Liability Exclusion, the ROR states that Midvale reserves its rights to disclaim coverage under the Policy for the Underlying Lawsuit on the grounds that the Policy excludes coverage for "bodily injury" to an "employee" of the insured "arising out of and in the course of .. [e]mployment by the insured or .. [p]erforming duties related to the conduct of the insured's business." *See id.* at 5.

51. With respect to the Policy's Contractual Liability Exclusion, the ROR states that Midvale reserves its rights to disclaim coverage under the Policy for the Underlying Lawsuit "to the extent that Zuniga's injuries were caused by D&G's own negligence." *See id.* at 7.

52. In the ROR, Midvale also disclaimed coverage for any and all breach of contract claims. *See id.* at 7-8.

53. With respect to the Policy's Additional Insured provision, the ROR states that Midvale reserves its rights to disclaim coverage under the Policy for the Underlying Lawsuit because the only additional insured included in the Additional Insured endorsement was "E & M Builders Group," which is not a party to the Underlying Lawsuit. *See id.* at 9.

54.  With respect to the Policy's Multi-Unit and Tract Housing Residential Exclusion, the ROR states that Midvale reserves its rights to disclaim coverage under the Policy for the Underlying Lawsuit because the Policy excludes coverage for "[b]odily injury" arising out of any "construction operations" that involve a "housing tract" or "multi-unit residential building." *See id.* at 9-10.

*Disclaimer to D&G*

55.  On November 23, 2021, Midvale issued a letter to D&G indicating that it disclaimed coverage to D&G for the Underlying Action (the "Disclaimer"). A true and correct copy of the Disclaimer is attached as **Exhibit M**.

56.  The Disclaimer provided that Midvale disclaimed coverage to D&G on the grounds provided in the Policy's Additional Insured Endorsement, Contractual Liability Exclusion, and Multi-Unit and Tract Housing Residential Exclusion. *See id.*

57.  With respect to the Policy's Additional Insured provision, the Disclaimer states that Midvale disclaimed coverage under the Policy for the Underlying Lawsuit because the Policy does not include a blanked additional insured provision and D&G was not included as a named or scheduled additional insured covered by the Policy. *See id.* at 3.

58.  With respect to the Policy's Contractual Liability Exclusion, the Disclaimer states that Midvale disclaimed coverage under the Policy for the Underlying Lawsuit because Midvale is not responsible for the defense or indemnification of D&G to the extent that Zuniga's alleged injuries were caused by D&G's own work and/or negligence. *See id.* at 3-5.

59.  With respect to the Policy's Multi-Unit and Tract Housing Residential Exclusion, the Disclaimer states that Midvale reserves its rights to disclaim coverage under the Policy for the Underlying Lawsuit depending on the applicability of the Multi-Unit and Tract Housing Residential Exclusion to the facts and circumstances surrounding the loss. *See id.* at 5-6.

## COUNT ONE
### Declaratory Judgment
### (Arevalos Is Not the Policy's Named Insured)

60. Midvale repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "59" inclusive, with the same force and effect as if set forth herein.

61. The Policy's Declarations Form, BID CMP 1001 01 18, provides:

> *Named Insured:* AREVALO CONSTRUCTION CORP

See **Exhibit A**.

62. "Arevalo Construction Corp." is the Policy's Named Insured.

63. The Third Third-Party Complaint, in which D&G brought Arevalos into the Underlying Action, named "AREVALOS CONSTRUCTION CORP." as Third-Party Defendant. *See* **Exhibit J**.

64. The Fourth Third-Party Complaint, in which Halsey brought Arevalos into the Underlying Action, named "AREVALOS CONSTRUCTION CORP." as Third-Party Defendant. *See* **Exhibit K**.

65. "Arevalos Construction Corp." is not the Policy's Named Insured.

**WHEREFORE**, Midvale demands judgment as follows:

a. A declaration that Arevalos is not insured by the Policy;

b. A declaration that the Policy does not provide coverage to Arevalos;

c. A declaration that Midvale has no duty to Arevalos or any other party with respect to the claims in the Underlying Action; and

d. Any such other and further relief as this Court deems just and proper.

## COUNT TWO
### Declaratory Judgment
### (The Policy's Multi-Unit Residential And Tract Housing Exclusion Bars Coverage)

66. Midvale repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "65" inclusive, with the same force and effect as if set forth herein.

67. The Policy's Multi-Unit and Tract Housing Residential Exclusion, CG 77 44 02 15, provides:

> *2. Exclusions*
>
> *This insurance does not apply to:*
>
> *Multi-Unit and Tract Housing*
>
> *"Bodily injury", "property damage" or "personal and advertising injury liability" arising out of any "construction operations" whether ongoing operations or operations included within the products-completed operations hazard that involve a "housing tract" or "multiunit residential building".*
>
> *"Multi-unit residential building" means condominiums, townhouses, apartments, dormitories or similar structures that have more than four (4) units built or used for the purpose of residential occupancy, at the same location or complex, regardless of the number of buildings.*
>
> *"Housing tract" means a residential development or subdivision consisting of more than eight (8) of any combination of dwelling units, detached single family dwellings, or lots all built, owned, or developed by the same or related general contractors, developers, persons, limited liability companies, partnerships, joint ventures, corporations, unincorporated associations or trusts. A development or subdivision built upon multiple tracts and/or built in multiple phases shall be considered to be one "housing tract".*

*See* **Exhibit A**.

68. The alleged injuries to Zuniga occurred in the course of his employment to perform construction work at the Premises.

69. The Premises, located at 625 Halsey Street, Brooklyn, New York 11223, is a residential building with more than four units built or used for the purpose of residential occupancy.

70. The Premises is a residential development or subdivision consisting of more than eight dwelling units, all built, owned, or developed by the same or related general contractors, developers,

persons, limited liability companies, partnerships, joint ventures, corporations, unincorporated associations, or trusts.

71. Therefore, the alleged injuries at the heart of the Underlying Action arose out of construction operations that involve a housing tract or multi-unit residential building.

72. Therefore, according to the plain language of the Policy and the Underlying Action, Midvale has no obligation to defend or indemnify any party in the Underlying Action.

**WHEREFORE**, Midvale demands judgment as follows:

a. A declaration that the Policy's Multi-Unit and Tract Housing Residential Exclusion bars coverage for the Underlying Action;

b. A declaration that Midvale has no duty to any party with respect to the claims in the Underlying Action;

c. A declaration that Midvale has no duty to indemnify any party with respect to any potential judgment that may be awarded in the Underlying Action; and

d. Any such other and further relief as this Court deems just and proper.

## COUNT THREE
### Declaratory Judgment
### (The Policy's Contractual Liability Exclusion Bars Coverage)

73. Midvale repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "72" inclusive, with the same force and effect as if set forth herein

74. The Policy's Commercial General Liability Coverage Form, CG 00 01 04 13, provides:

*2. Exclusions*

*This insurance does not apply to:*

*b. Contractual Liability*

> *"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:*
>
> *(1) That the insured would have in the absence of the contract or agreement; or*
> *(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.*

See **Exhibit A**.

75. The Policy defines an "insured contract" in its Amendment of Insured Contract Endorsement, CG 24 26 04 13:

> *"Insured contract" means:*
>
> *f. That part of any other contract or agreement pertaining to your business ... under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. However, such part of a contract or agreement shall only be considered an "insured contract" to the extent your assumption of the tort liability is permitted by law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.*

See *id*.

76. According to the plain language of the Policy, there is only coverage for contractual liability if the contract at issue is an "insured contract."

77. According to the plain language of the Policy, Midvale is not responsible for contractual liability unless Arevalos would have that liability on its own in the absence of the Subcontractor Agreement.

78. In the Underlying Action, specifically in the Amended Complaint, it is averred that Zuniga's alleged injuries were caused by D&G's negligence and/or violation of the Labor Law of the State of New York. *See* **Exhibit B** ¶¶ 37-38, 41-44, 49-52.

79. In the Underlying Action, specifically in the Amended Complaint, it is averred that Zuniga's alleged injuries were caused by Halsey's negligence and/or violation of the Labor Law of the State of New York. *See* **Exhibit B** ¶¶ 37-38, 41-44, 49-52.

80. In the Underlying Action, specifically in the First Third-Party Complaint, it is averred that Zuniga's alleged injuries were caused by D&G's negligence. *See* **Exhibit E** ¶¶ 12-13, 17, 23.

81. To the extent that the injuries at the heart of the Underlying Lawsuit were caused by D&G, Arevalos would not be liable for those injuries absent the Subcontractor Agreement.

82. To the extent that the injuries at the heart of the Underlying Lawsuit were caused by Halsey, Arevalos would not be liable for those injuries absent the Subcontractor Agreement.

83. No other types of contractual obligations – including breach of contract claims for failing to procure additional insured insurance coverage – are covered by the Policy.

84. Therefore, Midvale has no obligation to defend or indemnify D&G and/or Halsey in the Underlying Action to the extent that Zuniga's alleged injuries were caused by D&G and/or Halsey.

**WHEREFORE**, Midvale demands judgment as follows:

a. A declaration that the Policy's Contractual Liability Exclusion precludes coverage to D&G and Halsey for the Underlying Action;

b. A declaration that Midvale has no duty to D&G, Halsey, or any other party with respect to the claims in the Underlying Action;

c. A declaration that Midvale has no duty to indemnify D&G, Halsey, or any other party with respect to any potential judgment that may be awarded in the Underlying Action;

d. A declaration that the Policy does not provide defense or indemnity coverage to Arevalos' contractual exposures to other parties in the Underlying Action; and

e. Any such other and further relief as this Court deems just and proper.

## COUNT FOUR
### Declaratory Judgment
### (D&G Is Not An Insured Under The Policy)

85. Midvale repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "84" inclusive, with the same force and effect as if set forth herein

86. The Policy's Named Insured is Arevalo Construction Corp. *See* **Exhibit A**.

87. The Policy's Commercial General Liability Coverage Form, CG 00 01 04 13, provides:

> *Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.*
>
> *The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.*
>
> *SECTION II – WHO IS AN INSURED*
>
> *1. If you are designated in the Declarations as:*
>
> > *d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.*
>
> *2. Each of the following is also an insured:*
>
> > *a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.*
>
> *1. Insuring Agreement*
>
> > *a. We will pay those sums that **the insured** becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.*

*See id.* (emphasis added).

88. The Policy does not contain a blanket additional insured provision.

89. The Policy contains an Additional Insured Endorsement, CG 20 10 04 13, which amends the Policy to include as an additional insured E & M Builders Group. *See id*.

90. The Policy does not contain any endorsement or provision that includes D&G as an additional insured.

91. D&G is not an "insured" under the language of the Policy.

92. Even if D&G was an "insured" under the Policy, the Policy otherwise excludes coverage for the Underlying Lawsuit.

93. Therefore, Midvale has no obligation to defend or indemnify D&G in the Underlying Action.

**WHEREFORE**, Midvale demands judgment as follows:

a. A declaration that D&G is not an Insured Under the Policy;

b. A declaration that Midvale has no duty to defend D&G or any other party with respect to the claims in the Underlying Action;

c. A declaration that Midvale has no duty to indemnify D&G or any other party with respect to any potential judgment that may be awarded in the Underlying Action; and

d. Any such other and further relief as this Court deems just and proper.

## COUNT FIVE
### Declaratory Judgment
### (Halsey Is Not An Insured Under The Policy)

94. Midvale repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "93" inclusive, with the same force and effect as if set forth herein

95. The Policy's Named Insured is Arevalo Construction Corp. *See* **Exhibit A**.

96. The Policy's Commercial General Liability Coverage Form, CG 00 01 04 13, provides:

> *Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured*

> *under this policy. The words "we", "us" and "our" refer to the company providing this insurance.*
>
> *The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.*
>
> *SECTION II – WHO IS AN INSURED*
>
> *1. If you are designated in the Declarations as:*
>
> > *d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.*
>
> *2. Each of the following is also an insured:*
>
> > *a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.*
>
> *1. Insuring Agreement*
>
> > *a. We will pay those sums that* **the insured** *becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.*

*See id.* (emphasis added).

97. The Policy does not contain a blanket additional insured provision.

98. The Policy contains an Additional Insured Endorsement, CG 20 10 04 13, which amends the Policy to include as an additional insured E & M Builders Group. *See id.*

99. The Policy does not contain any endorsement or provision that includes Halsey as an additional insured.

100. Halsey is not an "insured" under the language of the Policy.

101. Even if Halsey was an "insured" under the Policy, the Policy otherwise excludes coverage for the Underlying Lawsuit.

102. Therefore, Midvale has no obligation to defend or indemnify Halsey in the Underlying Action.

**WHEREFORE**, Midvale demands judgment as follows:

a. A declaration that Halsey is not an Insured Under the Policy;

b. A declaration that Midvale has no duty to defend Halsey or any other party with respect to the claims in the Underlying Action;

c. A declaration that Midvale has no duty to indemnify Halsey or any other party with respect to any potential judgment that may be awarded in the Underlying Action; and

d. Any such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 6, 2022

                                       WADE CLARK MULCAHY LLP

                                       */s/ Robert J. Cosgrove*

                                       _____
                                       Robert J. Cosgrove, Esq.
                                       *Counsel for Plaintiff*
                                       *Midvale Indemnity Company*
                                       180 Maiden Lane, Suite 901
                                       New York, New York 10038
                                       (212) 267-1900
                                       WCM File No.: 52.13456