UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MIDVALE INDEMNITY COMPANY,

              Plaintiff,

    -against-

AREVALOS CONSTRUCTION CORP., 22
CV 97 (FB)(RML) VICTOR SIGUENZA
ZUNIGA, 625 HALSEY LLC, D & G
CONSTRUCTION NY INC. and RM
CONSTRUCTION AND DEVELOPMENT
CORP.,

              Defendants.

**MEMORANDUM AND ORDER**

Case No. 22-CV-97 (FB) (RML)

*Appearances*:
*For the Plaintiff*:
ROBERT J. COSGROVE
180 Maiden Lane, Suite 901
New York, NY 10038

*For Defendant Victor Siguenza Zuniga*:
ELLIOT M. SCHAKTMAN
Lipsig Shapey Manus & Moverman, P.C.
40 Fulton Street 24th Floor
New York, NY 10038

BRIAN J. ISAAC
Pollack Pollack ISaac & DeCicco
225 Broadway, Suite 307
New York, NY 10007

*For Defendant D&G Construction NY Inc.*:
DAN D. KOHANE
Hurwitz Fine, P.C.
1300 Liberty Building
424 Main Street
Buffalo, New York 14202

**BLOCK, Senior District Judge:**

Plaintiff Midvale Indemnity Company ("Midvale") brought this action against Defendants Arevalos Construction Corp. ("Arevalos"), Victor Siguenza Zuniga ("Zuniga"), 625 Halsey LLC ("Halsey"), D&G Construction NY Inc. ("D&G"), and RM Construction and Development Corp. ("RM") seeking a declaratory judgment relating to a commercial general liability insurance policy Midvale issued to Arevalos and an underlying lawsuit in New York state court, captioned *Victor Siguenza Zuniga v. 625 Halsey LLC*, Index No. 525911/2018 (the "Underlying Action"). Midvale moved for default against Arevalos and RM under Federal Rule of Civil Procedure 55 and for a declaration that it has no duty to defend or indemnify any party with respect to the Underlying Action; D&G and Zuniga opposed. On June 13, 2023, Magistrate Judge Robert M. Levy issued a Report and Recommendation ("R&R") recommending that Midvale's motion and its requested declaratory relief be granted.

Magistrate Judge Levy found that all service and procedural requirements had been satisfied, that the allegations set forth in Plaintiffs' Complaint stated valid claims sufficient for this Court to enter a default judgment, and that the Court should enter a declaratory judgment that Midvale has no duty to defend or indemnify any party with respect to the Underlying Action.

D&G and Zuniga timely objected to the R&R on June 26 and June 27, 2023, respectively. These objections trigger the Court's de novo review. *See* 28 U.S.C. § 636(b)(1). For the following reasons, the Court overrules the objections and adopts the R&R.[1]

## I. DISCUSSION

This Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). It "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

If an objecting party "simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. N.Y.C. Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (cleaned up). "However, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *J & J Sports Prods., Inc. v. Hot Shotz Sports Bar Inc.*, No. 17CV4170DLIVMS, 2018 WL 4627666, at *1 (E.D.N.Y. Sept. 27, 2018) (quoting *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (internal quotation marks omitted)).

---

[1] The relevant procedural and factual background is available in Magistrate Judge Levy's Report and Recommendation. *See* R&R at 2-4.

D&G and Zuniga object to the R&R's conclusion that they lack standing to oppose Midvale's motion, its finding that none of the named defendants were entitled to coverage, and the scope of its declaratory relief.

The R&R recommended finding that D&G and Zuniga lack standing to oppose Midvale's default motion. The R&R found that D&G's subcontractor agreement with Arevalos imposed no duty on Midvale, a "stranger to that contract," to D&G. R&R at 6. It also found that "D&G does not claim to be a third-party beneficiary of the Policy," that "the Policy does not indicate an intent to confer a benefit upon D&G or any other individual or entity other than Arevalos," and that "Zuniga is not a named insured or third-party beneficiary under the Policy." R&R at 7.

In New York, a non-party to a contract generally "lacks standing to enforce the agreement in the absence of terms that clearly evidence an intent to permit enforcement by the third party in question," *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (internal quotation omitted), unless it establishes "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost." *Madeira v.*

4

*Affordable Hous. Found., Inc.*, 469 F.3d 219, 251 (2d Cir. 2006) (internal

quotation omitted).

However, the New York Court of Appeals has conferred standing to parties

to an underlying state tort action who are also named defendants in a federal suit

over the scope of an insurance policy:

> New York Insurance Law § 3420(b) authorizes 'any person who . . . has obtained a judgment against the insured or the insured's personal representative, for damages for injury sustained or loss or damage occasioned during the life of the policy or contract' to maintain an action against the insurer upon such policy or contract of liability insurance. The New York Court of Appeals has interpreted the statute to generally preclude a direct action against an insured's insurer until a judgment has been secured against the insured, *see Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350 (2004) . . . . However, the same Court of Appeals has also found that a relevant party may, prior to securing a judgment against the insured, contest the insured's coverage under the Policy, at least when both the insured and the relevant party are joined in an action seeking a declaration of rights under the Policy. *See Maroney v. N.Y. Cent. Mut. Fire Ins. Co.*, 5 N.Y.3d 467, 471 n.1 (2005) . . . . Since the Hospital Defendants [alleged tortfeasors claiming insurance coverage via a subcontractor agreement] filed the third-party action in the [underlying state action] against Lux [the insured], and both they and Lux have been joined as party defendants in the instant declaratory judgment action, the Hospital Defendants could properly contest the issue of USIC's duty to indemnify and defend Lux in the third-party action. *Id.*

*United Specialty Ins. Co. v. Lux Maint. & Ren. Corp.*, No. 18 CIV. 3083

(ER), 2019 WL 6173790, at *5 (S.D.N.Y. Nov. 20, 2019).

This is precisely the scenario here. D&G, a subcontractor of Arevalos

claiming coverage and a right to indemnification by Arevalos' insurer Midvale,

and Zuniga, the injured tort claimant in the Underlying Action, have been named as defendants in this declaratory action by Midvale. Regardless of any default awarded against the insured, they can challenge the scope of Midvale's policy with Arevalos in the future. *See Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 n.7 (3d Cir. 2016) ("in a declaratory judgment action concerning the scope of an insurance policy, the injured party has an independent right to present its case upon the ultimate issues, apart from that of the insured."). Injured parties can raise the issue of coverage independent of any default against the insured; the Court need not address their rights under the policy in adjudicating a default against other entities. *See, e.g.*, *Am. Empire Surplus Lines Ins. Co. v. Ventura*, No. 21CV2177FBJRC, 2023 WL 3073647, at *1-4 (E.D.N.Y. Apr. 25, 2023) (granting injured parties coverage under insurance contract after default judgment was issued against insured party).

Next, D&G and Zuniga object to the R&R's finding that none of the named defendants was owed coverage under the policy. The R&R did not err. It found that Arevalos was not entitled to coverage because of the policy's Multi-Unit and Tract Housing Residential Exclusion, which "excludes coverage for '[b]odily injury' arising out of any 'construction operations' that involve a 'housing tract' or 'multi-unit residential building.'" R&R at 9. The R&R noted that the Underlying Action seeks damages for a construction project falling under this exclusion;

specifically, one for a four-story building with ten residential units. It declined to address D&G and Zuniga's arguments that Midvale's disclaimer of coverage was insufficient, noting only that D&G and Zuniga's "arguments regarding the timeliness and sufficiency of Midvale's actions in disclaiming coverage" did not "alter the fundamental fact that . . . no coverage is owed to D&G or Zuniga, or any other party." R&R at 6 n.1.

An insurer's failure to properly disclaim coverage can render exclusions like this one null. *See Matter of New York Cent. Mut. Fire Ins. Co. v. Aguirre*, 7 N.Y.3d 772, 774 (N.Y. 2006) ("An insurer's failure to provide notice as soon as is reasonably possible precludes effective disclaimer."); *Crescent Beach Club LLC v. Indian Harbor Ins. Co.*, 468 F. Supp. 3d 515, 537 (E.D.N.Y. 2020) (noting that under N.Y. Ins. Law § 3420(d)(2), an insurer that fails to properly disclaim coverage loses the ability to deny coverage on the basis of exclusions). However, D&G and Zuniga did not have standing to challenge this determination on a motion for default against separate parties and may still litigate the issue later on.

Finally, D&G objects to the scope of relief ordered by the R&R, which declared Midvale free from defending or indemnifying "any party" in relation to the Underlying Action. This scope of relief is proper because it is what Midvale requested in its Complaint, and because the R&R rightly found Midvale entitled to a default judgment. *See* Compl. ¶ 65, 84, 93, 102. The Court adopts the relief

recommended by the R&R, but notes that it is only binding against the defaulting parties.

## II. CONCLUSION

The Court overrules D&G and Zuniga's objections, adopts the R&R, and directs the Clerk to enter a judgment granting Midvale's motion for a default judgment against Arevalos and RM and declaring that Midvale has no duty to defend or indemnify any party with respect to the Underlying Action.

**SO ORDERED.**

        _/S/ Frederic Block_____
        FREDERIC BLOCK
        Senior United States District Judge

Brooklyn, New York
July 5, 2023